In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00206-CR
NO. 09-13-00207-CR
_____

NGUYEN PHAM A/K/A PHAM NGUYEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause Nos. 07-00802, 10-08358

MEMORANDUM OPINION

In these two appeals,[1] counsel for the appellant, Nguyen Pham a/k/a Pham Nguyen, filed briefs that state there are no arguable points of error allowing Pham to obtain relief from his convictions. After reviewing the records in each of the appeals, we conclude that no arguable issues support Pham's appeals. *See Anders v. California*, 386 U.S. 738, 744 (1967).

---

[1]Because the appeals in these two cases share identical reporter's records and briefs, and because the issues are similar, we address both of Pham's appeals in one opinion.

1

In carrying out a plea bargain agreement in Cause Number 07-00802, Pham pled guilty to aggravated assault. *See* Tex. Penal Code Ann. § 22.02 (West 2011).[2] Under the terms of Pham's plea agreement, the trial court deferred the adjudication of Pham's guilt, placed Pham on community supervision for five years, and assessed a fine of $500. Pham's community supervision was subsequently revoked, and he was adjudicated guilty of aggravated assault. Following a motion for new trial, the trial court vacated its judgment and sentence. Extending the term of the community supervision order for five years, through November 30, 2018, the trial court placed Pham on community supervision.

In carrying out his plea agreement in the other case that is the subject of this opinion, Cause Number 10-08358, Pham pled guilty to possessing a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.115 (West 2010). Pursuant to the plea bargain agreement, the trial court deferred the adjudication of Pham's guilt and placed Pham on community supervision for five years.

While Pham was subject to the community supervision orders in Cause Numbers 07-00802 and 10-08358, the State filed motions asking the trial court to revoke its community supervision orders. At the revocation hearing, Pham pled "true" to having burglarized a building on March 8, 2013, violating the term in

[2]We cite to the current version of the statute as the subsequent amendment does not affect the outcome of this appeal.

each community supervision order that he was not to commit an offense against the State while on community supervision. At the conclusion of the hearing, the trial court found Pham violated the respective community supervision orders and found Pham guilty of aggravated assault and possessing a controlled substance. The trial court sentenced Pham to eleven years in prison in the aggravated assault case and to two years in state jail on the possession case.

On appeal, Pham's counsel filed briefs presenting counsel's professional evaluation of the records and containing counsel's conclusions that Pham's appeals are frivolous. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time to allow Pham to file *pro se* briefs, but he did not do so.

Having reviewed the appellate records and the *Anders* briefs filed by Pham's counsel, we agree with counsel's conclusion that no arguable issues support Pham's appeals. Consequently, we need not order the appointment of new counsel to re-brief Pham's appeals. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Although no arguable issues require the appointment of new counsel, we note that the trial court's judgment in Cause Number 07-00802, the aggravated assault conviction, contains a clerical error. Page two of the judgment in Cause

3

Number 07-00802 appears to order the payment of a fine, even though the transcript of Pham's sentencing hearing does not reflect that the trial court orally pronounced a fine when it sentenced Pham to serve eleven years in prison. The State agrees that the judgment, as worded, includes a fine. This Court has the authority to modify the trial court's judgment to correct a clerical error. *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993).

Consequently, the language in the written judgment in Cause Number 07-00802 that states the defendant is required to pay "all fines[]" and that states the defendant is required to pay "any remaining unpaid fines[]" is amended; we order it deleted from the judgment. We amend the language on the second page of the written judgment that orders the defendant to pay "all fines[]" to read: "The Court **ORDERS** Defendant to pay all court costs and restitution as indicated above." We also amend the language on the second page of the written judgment that orders the defendant to pay "any remaining unpaid fines[]" to read: "Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining court costs and restitution as ordered by the Court above."

Despite the presence of clerical errors in the trial court's judgment in Cause Number 07-00802, the clerical errors that we have corrected do not raise arguable issues about either Pham's guilt or his eleven-year sentence. Because no arguable

4

issues with respect to Pham's guilt or Pham's prison sentence in Cause Number 07-00802 support an appeal, we affirm the trial court's judgment, as modified. Additionally, because no arguable issues support Pham's appeal in Cause Number 10-08358, the trial court's judgment in that case is affirmed.[3]

AFFIRMED AS MODIFIED; AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on September 16, 2013
Opinion Delivered December 18, 2013
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

---

[3]Pham may challenge our decision in these cases by filing petitions for discretionary review. *See* Tex. R. App. P. 68.